NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0236n.06

No. 21-3797

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

CARLA PORTILLO-DE RENDEROS; N. Y. R. P.,

    Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

    Respondent.

)
)
)
)
)
)
)
)

**FILED**
Jun 13, 2022
DEBORAH S. HUNT, Clerk

ON PETITION FOR REVIEW
FROM THE BOARD OF
IMMIGRATION APPEALS

OPINION

Before: CLAY, ROGERS, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Carla Portillo-de Renderos petitions for review of an order of the Board of Immigration Appeals denying her application for asylum. We deny the petition.

Portillo-de Renderos and her minor daughter are citizens of El Salvador. In February 2016, they entered the United States without inspection. In March 2016, the Department of Homeland Security initiated removal proceedings against Portillo-de Renderos and her daughter. Portillo-de Renderos conceded that she and her daughter were removable, but applied for asylum on behalf of both of them.

At a hearing before an immigration judge (IJ), Portillo-de Renderos said that Salvadoran gang members had threatened her and her family. Specifically, Portillo-de Renderos testified that, in November 2015, an MS-13 gang member had sent her approximately ten text messages threatening to harm her if she did not agree to be his "girlfriend." She also testified that members of a different gang, Barrio 18, had threatened her brother and asked about her husband's

whereabouts. Portillo-de Renderos also submitted several reports on country conditions in El Salvador, which detailed gang violence against women and girls.

The IJ denied Portillo-de Renderos's application, finding that the threats she received did not constitute past persecution, and that any evidence suggesting she would be subject to future persecution was "speculative at best." The IJ based those findings on Portillo-de Renderos's testimony that, after gang members threatened her in 2015, neither she nor her family members had any further contact with any gang members. The IJ also noted that Portillo-de Renderos's parents and siblings continued to live in El Salvador without incident. Portillo-de Renderos appealed to the Board, which affirmed the IJ's decision. This petition for review followed.

Where, as here, the Board issues its own opinion, we review that opinion as the final agency determination; we also review the immigration judge's decision to the extent the Board adopted its reasoning. *See Zhao v. Holder*, 569 F.3d 238, 246 (6th Cir. 2009). We review the Board's legal determinations de novo and uphold the Board's factual findings unless the evidence "not only supports a contrary conclusion, but indeed compels it." *Shkulaku-Purballori v. Mukasey*, 514 F.3d 499, 501-02 (6th Cir. 2007).

Here, Portillo-de Renderos presents a single argument: that the IJ and the Board failed to consider her testimony as to why she found the text messages threatening and her evidence regarding conditions in El Salvador. But the agency "is not required to parse or refute on the record every individual argument or document offered by the petitioner." *Stserba v. Holder*, 646 F.3d 964, 978 (6th Cir. 2011). Here, both the IJ and the Board directly addressed the import of the text messages. The IJ also expressly addressed the evidence of conditions in El Salvador. The record here affords us no basis to set aside the Board's decision.

Portillo-de Renderos's petition for review is denied.